Filed 12/17/14  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
| --- | --- |
| THE PEOPLE,      Plaintiff and Respondent,   v.  MELANIE R. FLORES,      Defendant and Appellant. | D064674    (Super. Ct. No. SCS239809) |

APPEAL from a judgment of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Melanie R. Flores pleaded guilty to second degree murder (Pen. Code, § 187, subd. (a); count 1),[1] gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count 2), driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 3), and driving with a blood alcohol concentration of 0.08 percent or more causing injury (Veh. Code, § 23153, subd. (b); count 4). As to count 2, Flores admitted she personally inflicted great bodily injury (§ 1192.7, subd. (c)(8)). As to counts 3 and 4, Flores admitted she was previously convicted of driving under the influence within the last 10 years (Veh. Code, § 23540), she personally inflicted great bodily injury upon two victims (§ 12022.7, subd. (a)), she proximately caused bodily injury to more than one victim (Veh. Code, § 23558), and she had a blood alcohol concentration of 0.15 percent or more (Veh. Code, § 23578). The trial court subsequently sentenced her to an indeterminate prison term of 15 years to life and a consecutive determinate prison term of six years.

Flores appeals, contending we must reverse her conviction because the court abused its discretion when it denied her motion to withdraw her guilty plea. We discern no such abuse in the record before us and affirm the judgment.

BACKGROUND

As the factual basis for her plea, Flores admitted she caused two separate vehicle collisions, which injured one person, seriously injured a second person, and killed a third

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

person. When the collisions occurred, Flores was intoxicated and had a blood alcohol concentration of 0.32 percent. Although she knew driving while intoxicated posed a danger to others, she deliberately chose to do so anyway.

Flores's decision to plead guilty was not the result of a bargain with the prosecutor. Rather, she opted to plead guilty to all of the charges and allegations against her with the court determining her sentence after the court received a full probation report. Before taking her plea, the court reviewed her constitutional rights with her and informed her it had the authority to sentence her to prison for up to 25 years to life. The court also advised her the conviction would count as a strike and directed her attention to a list of potential collateral consequences specified on the change of plea form. Throughout the plea colloquy, the court repeatedly queried her about and she repeatedly acknowledged her understanding of the court's remarks.

Approximately three months after her guilty plea, Flores moved to withdraw the plea on the grounds she did not fully understand the maximum possible punishment and she had a neurological disorder preventing her from fully understanding the proceedings. At the hearing on the motion, Flores did not present any medical records or similar evidence to establish she had a neurological disorder. She also declined to be sworn in to testify in support of the motion. The court denied the motion, finding it devoid of any supporting evidence. The court also noted it was "very circumspect and careful" during the change of plea hearing because of how rare it is for someone to plead guilty to murder. In addition, the court watched Flores's reactions throughout the hearing and was confident she clearly understood what was happening.

3

DISCUSSION

A trial court may allow a defendant to withdraw a guilty plea for good cause. (§ 1018; *People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096 (*Nocelotl*).) To establish good cause, the defendant must show by clear and convincing evidence he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment. (*Nocelotl*, *supra*, at p. 1096.) A decision to deny a motion to withdraw a guilty plea rests within the court's discretion. (*Ibid*.) We must uphold the court's decision absent a clear showing the court abused its discretion. (*Ibid*.)

In this case, the record fully sustains the court's determination Flores failed to show good cause to withdraw her plea. Not only did she fail to present clear and convincing evidence to support her motion, she failed to present any evidence at all. Moreover, nothing in the transcript of the change of plea hearing suggests she lacked understanding of the proceedings. To the contrary, the court, mindful of its responsibilities, specifically watched for signs of lack of understanding during the hearing and observed none. Accordingly, Flores has failed to establish the court clearly abused its discretion in denying her motion.

4

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


AARON, J.